Lipscomb, J.
The first point to which our attention has been called by the appellant’s counsel is the rejection of the evidence of Burris, a creditor of the ■estate of Vanglm, called by the plaintiff. The witness, when offered, being sworn to answer questions, said that he was a creditor of the estate of Vaughn. He did not know whether the estate was insolvent or not. On being *226 askecl if lie believed ho would be able to collect his debt if the plaintiff lost this suit, “lie said that he understood from rumor that said estate would be insolvent unless the plaintiff gained (he suit.” This is all that tiie bill of exceptions shows attending the offering- the witness Burris. He was rejected by the court as incompetent.; and we believe that in so ruling- (he court did not err, because the witness would have sworn if received under the impression that if the plaintiff by whom lie was called should lose the suit, the estate would be unable to pay him his debt, lie would then have been swearing- (.0 create a fund necessary (o his payment, and in his own opinion directly interested in the result, of (lie suit.. The appellant contends that it was subsequently shown by other evidence that the estate was amply sufficient for the payment of all the debts, even if the administrator lost this suit; to which the appellees’ counsel, very justly as we think, reply that after this evidence of the solvency of tiie estate had been proven the appellants did not offer again the witness Burris; and therefore the proof of the solvency of the estate subsequently made could not affect tiie previous ruling of the court.
The next exception is of somewhat a kindred character to the one considered. Tiie appellant offered himself as a witness after having executed a release of all commissions that lie was entitled to as administrator. The doctrine is not well settled whether a party to a suit can be allowed to testify in his own favor in such suit, interest or no interest; and in most cases admiuist l-atoi-s, executors, guardians, and all other parties to a suit in a fiduciary capacity have been excluded. And the general ground of rejecting them is that although not interested in the subject-matter of the suit they are nevertheless liable for costs personally. This is certainly resting the objection (0 the competency upon the ground of interest. In some cases, however, the objection has been placed upon the naked ground of incompefcency for being a party on the record. And in New York, w'liere the objection to competency has been abolished by their code as relates to an interest in tiie suit, parties upon the record are excluded from being witnesses.
There is no doubt that'the tendency of the decisions lias for many years been to narrow down the distinction between the competency and credibility of witnesses; and when there is any doubt as to the interest, to admit tiie evidence and let tiie objection go to tiie credibilty of witnesses. And yet tiie objection to allowing a party upon the record to testify in Ills support seems to liave been adhere,cl to with groat tenacity. In the ease of Parsons v. Phipps,. (4 Tex. II., 341,) wc liad occasion to discuss the question of how far a party on the record in the suit could be permitted to give evidence. Parsons, tiie endorsee of tiie bill, sued both drawer and acceptor in the same suit. Jones, the acceptor, was willing to testify when called by the plaintiff, but his co-defendant, tiie drawer, objected to his competency, and the objection was sustained. On appeal we overruled the judgment of tiie court, below and decided that although the defendant Jones, the acceptor, could not lie compelled to. swear ; yet'if he was willing to do so, and the plaintiff who called him would risk his evidence, there was no objection to his competency. But in all the cases examined by u$s it was found that where a party to the suit, apparent upon the record, was'received as a witness, he was called by the opposite party and not in behalf of his own side, of the question. The weight of adjudged eases would sustain tiie objection to a party being- a witness in his own behalf, although not interested for even costs in the result of the suit, personally, but, on the naked ground of bis being a party to the record of the suit, unless when lie is willing to testify at the call of the opposite party.
Tiie question of (he interest of an administrator is not well settled. His interest may be beyond his commission as administrator on the effects administered. lie may, possibly, he liable personally for counsel fees. The doctrine as to his liability in that case lias never yet been settled, although it
has been brought before this court in a case pending- in another district.
*227 The injury that might result to an estate from excluding the executor or administrator is not believed to he very serious, because by our laws the trust could at any time be surrendered. And if the interest of the estate required the benefit and aid of the executor or administrator, it would no doubt be made available by a, resignation of the trust. The bill of exceptions shows nothing of what, was iiuende'il to be proven by the evidence, of the. plaintiff, whether material to the, ease or not, nor does it show any matter addressing itself to the sound discretion of the court, such as the impossibility of proof of the same material fact by the. evidence of any one else, which ought to have been required if any discretion was with the. court, and it could under any circumstances admit such evidence.
The remaining question discussed in the appellant’s brief' arises on the refusal of the judge to charge the jury as requested by the appellants. Plaintiff's counsel asked the judge to charge the jury “That all the. terms of rescission of a parol contract need not be, proved, and if they believed from the “evidence that. Yauglm and Crain did rescind said contract, to find for the “plaintiff; which instructions the judge declined giving.” The judge did not err in refusing to give the, charge as 'it was asked. It assumes that the contract for the siiic. of'the land from Vaughn, the plaintiff’s intestate, was a parol contract. A reference to the statement of facts wilt show that this contract was a writing signed by Yauglm, as follows: “Received of It. T. Craiu five “hundred mid fifty-six dollars and ninety-three cents, in part payment for the “premises I sold him, formerly owned by Dr. E. Allen, adjoining tile town of “Marshall, West of the town, for which I will execute to him a bond whenever “called on. August tlio lGth, A. D. 184-1. A. P. Vaughn.” Attested by G-. B. Crain.
This was a good and valid contract under the statute of [454] frauds, and was proof that the laud was sold by Vaughn to Craiu. If then, Craiu being the owner of the. land, any contract for a rescission would he as much obnoxious to the provisions of the statute of frauds, and would require the same evidence under the statute to set it up, as was required for the sale from Vaughn to Craiu. The charge asked treated the contract between Vaugliu and Crain, evidenced by the writing signed by Vaughn, as a mere verbal contract, and such as could be, rescinded verbally, without any reference to the provisions of the statute of frauds, and as if for that purpose inferior evidence could be received. This will be the most apparent by a reference to the statement of facts, which shows that the plaintiff to prove rescission depended, mainly upon the acts and declarations of Vaughn and some light remark from Crain. But there was no evidence of the payment of the money by Vaughn, nor of his again going into possession and claiming it as his own. The judgment is affirmed.
Judgment affirmed.
Note 83. — Hall v. Murphy, 14 T., 637. It is competent under the statute for the plaintiff to propound interrogatories to one only of several defendants, the other defendants having the right to propound cross interrogatories. The answers of one defendant so obtained are admissible in evidence against all the defendants, and arc entitled to the same weight, when unimpeached, as the testimony of any other witness. (McGown v. Randolph, 26 T., 492.)