GARDNER et al. v. SITTIG.  (No. 123–2998.)

(Commission of Appeals of Texas, Section A. June 23, 1920.)

**Frauds, statute of 131(1)—Agreement to surrender term having more than one year to run must be in writing.**

An agreement for the surrender of a written lease for five years, which would have more than one year yet to run after the date of surrender is within the statute of frauds, and not enforceable if not in writing.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by A. Franklin Sittig against Alf Gardner and others. Judgment for plaintiff was affirmed by the Court of Civil Appeals (188 S. W. 731), and defendants bring error. Affirmed.

Elliott Cage, of Houston, for plaintiffs in error.

Ross & Wood and W. J. Howard, all of Houston, for defendant in error.

SONFIELD, P. J. Suit by A. Franklin Sittig, plaintiff, against Alf Gardner and others, defendants, to recover installments of rent for certain premises in the city of Houston and a foreclosure of the landlord's lien. Plaintiff by amended petition alleged that defendants entered into possession of the premises under a lease from plaintiff—the lease being for a period of five years, beginning on the 16th day of August, 1911, and ending on August 16, 1916, and continued in such possession until the 1st day of July, 1914, when, over the protest of plaintiff, who was asserting a landlord's lien on the fixtures and stock of goods in the storehouse upon the premises, they abandoned the premises, which have since that time been unoccupied. This suit was instituted on the 8th day of April, 1914, and prior to the vacation of the premises, for installments of rent then due. By amendments, plaintiff alleged other installments of rent accruing from time to time, up to the date of the trial, and sought recovery thereof.

Defendants admitted the lease contract, but alleged that on or about the 16th day of January, 1914, the parties made and entered into an agreement, by the terms of which defendants were to be released from any liability for rent then due, and were to be permitted to remain in the building until the 1st day of July, 1914, rent free, plaintiff to pay them the sum of $500 in consideration of their agreement to the cancellation and of their vacating the premises by the first day of July, 1914; that in compliance with this agreement the defendants vacated the premises before July 1, 1914, and have never used them since that date, but plaintiff had failed and refused to pay them the agreed sum of $500, for which amount they prayed judgment.

On the trial, defendants offered evidence to establish the parol agreement, and that they vacated the premises in compliance with and reliance upon such agreement, at considerable expense to themselves. This evidence was excluded by the court. The cause was tried to a jury, and upon the conclusion of the evidence the court instructed to return a verdict in favor of plaintiff for the amount of the rent, with a foreclosure of the lien. On appeal, the judgment of the district court was affirmed. 188 S. W. 731. Writ of error was granted by the Committee of Judges.

The determinative question in the case is whether the agreement for the surrender of the lease, the term remaining and to be surrendered being for more than one year, was within the statute of frauds. Upon consideration of this question, we concur in the conclusion of the Court of Civil Appeals that the agreement was within the statute. That court in its opinion so fully and clearly discusses the question that we deem further discussion unnecessary. We are of opinion that the judgment of the Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.