## YAEGER v. LONG BROS. DRILLING CO.
### No. 10760.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 8, 1941.

Rehearing Denied Feb. 5, 1941.

George M. Mayer, of San Antonio, for appellants.

Thos. H. Ward, of Laredo, for appellees.

SMITH, Chief Justice.

J. E. Long (and another) sued W. H. Yaeger (and wife) to recover the contract price for drilling a water well for Yaeger on his land in Webb County. Long alleged that the original contract, in writing, required him to drill to a depth of 700 feet, if necessary to produce a "flowing well;" that reaching that depth without the desired result, it was agreed orally that he should drill further in the hope of reaching flowing water, and under that agreement he did drill further to a depth of 803 feet, without getting flowing water; that Yaeger refused to pay the agreed price of $1.50 per foot for the drilling. Long prayed for and recovered upon that basis, and Yaeger has appealed.

The cause was tried to a jury, who found for Long on all issues pleaded and submitted, except upon the issue of whether Long negligently failed "to wash the mud out of possible water-bearing formations by forcing clear, clean water down into the hole, to the point where the casing was set," which the jury resolved against Long. Yaeger will be referred to as defendant, and Long as plaintiff, as in the trial court.

While plaintiff was under cross-examination he was asked this question by defendant's counsel: "All right, then, under this contract, assuming that the purpose of drilling this well was to produce a flowing well, an artesian well, would you say that you have used every reasonable means and precaution to produce a flowing well?"

To this question plaintiff seems to have interposed no objection, but the trial judge, upon his own initiative, directed plaintiff not to answer the question, for the stated reason, in effect, that the test encompassed in the question exacted a greater obligation from plaintiff than was imposed upon him in the contract. Defendant excepted to the ruling, but when later in the trial the court invited him to put plaintiff back on the stand and elicit an answer from him to the excluded question, defendant declined to take advantage of the tendered privilege and stood on his original objection and exception, which he presents in his first assignment of error. We are of the opinion that the incident does not present reversible error, for two reasons, if no more. First, defendant waived his complaint when he declined to reopen the matter upon the court's invitation; and, second, while not passing upon the soundness of the court's stated reason for excluding the question, we do express the opinion that the excluded question called for a conclusion of the witness upon a mixed question of law and fact, thereby invading the province of the jury to pass upon the controlling issue in the case. We overrule defendant's first assignment of error and his first and second propositions of law based thereon.

We overrule defendant's second assignment of error in which complaint is made of the action of the trial judge in overruling defendant's motion for directed verdict. This was clearly a jury case, and the trial judge did not abuse his discretion in refusing to take it from the jury.

In his third assignment of error defendant asserts that the court erred in rendering judgment in the face of the jury finding that, as stated by defendant, "the failure to wash the mud out of possible water-bearing formations by forcing clear, clean water down into the hole to the point where the casing was set, was due to the negligence of plaintiffs, * * * ." This finding lacked controlling effect without a further finding that plaintiff's negligence in the respect mentioned was a proximate cause of the failure to develop a flowing well. By rendering judgment for plaintiff the trial judge is presumed to have found (and the evidence supported such finding), that such negligence of plaintiff was not the proximate cause of the failure of the well, and there-fore could not defeat plaintiff's recovery for the value of his services.

No reversible error is shown and the judgment must be affirmed.