**J. L. NUTT, Appellant,**

**v.**

**W. E. BERRY, Appellee.**

No. 5306.

Court of Civil Appeals of Texas.

El Paso.

April 1, 1959.

A. Leroy Nutt, San Angelo, Hart Johnson, Connell Ashley, Ft. Stockton, for appellant.

James S. Moore, J. F. Hulse, El Paso, Travers Crumpton, Ft. Stockton, for appellee.

ABBOTT, Justice.

This appeal arose from a jury trial in the District Court of Pecos County. Appellant, plaintiff below, brought suit to recover the unpaid rental under a written lease on 20 sections of land, and also for damages to a windmill. Appellee, defendant below, defended the suit on the basis that appellant had orally requested possession of the land before the expiration of the lease, and that, in reliance thereon, appellee moved some 2,000 head of livestock; rented temporary pastures; then leased another ranch for grazing purposes; and that he had surrendered possession to the appellant as requested. The jury found damages to the windmill in the amount of $745, but found that appellee had surrendered the lease as requested by appellant. From that finding appellant has perfected this appeal.

Appellant and appellee entered into a written contract whereby appellant, as les-

sor, leased from November 15, 1954 to June 30, 1957, 20 sections of land for agricultural and grazing purposes. Rental installments were payable as follows: $1,040 cash, receipt of which was acknowledged; $4,160 on or before January 1, 1955; $4,160 on or before July 1, 1955; $4,160 on or before January 1, 1956; $4,160 on or before July 1, 1956; and $4,160 on or before January 1, 1957. The contract further required lessee to maintain the property in good condition and, at the expiration of said lease, to return it in as good repair and condition as he had received the same. Also, the contract made provision for ten per cent attorneys' fees in event of default, should the contract be placed in the hands of an attorney for enforcement. Appellee made payment as agreed until July 1, 1956. At that time appellee paid one-half of the rental payment, or $2,080, which paid the rent until October 1, 1956. This suit was for the rental from October 1, 1956, until June 30, 1957, or $6,240; ten per cent attorneys' fees, and damages to the windmill.

Appellee and appellant were the only witnesses to testify. Appellant contended that there was no oral agreement to cancel any portion of the lease agreement, and appellee testified that when he made payment July 1, 1956, appellant discussed with appellee the condition of the range, and asked that the land be returned to him on October 1, 1956, and that, as a result, appellee paid for the period of time (one-half of the regular payment), and made arrangements to move his livestock. Appellee further testified that he moved his livestock to other grazing lands at a considerable expense in reliance upon the oral agreement, and leased another ranch to accommodate his stock. He testified that, on or about July 25, 1956, appellant came on to the leased property and cut off all of the windmills. Appellee also testified that due to rain in the first part of August, that he desired to feed some goats on the leased land, but that appellant refused to allow this even

though, by the oral agreement, the written lease was effective until October 1, 1956.

Appellant plead the Statute of Frauds, Article 3995, Section 4, Vernon's Ann.Civil Statutes of Texas, and the Statute of Conveyances, Article 1288, Vernon's Ann.Civil Statutes, in bar of appellee's plea of mutual rescission of the written contract; and appellee plead that appellant was estopped to plead the above statutes because of the vacating by appellee and re-entry by appellant before October 1, 1956.

Appellant moved for an instructed verdict and was refused by the trial court. The case was submitted on special issues to the jury, and, upon their verdict, appellant moved for judgment notwithstanding the verdict, and was overruled by the trial court.

Appellant brings eight points of error which can be divided generally into two points for discussion; first, that the trial court erred in permitting the testimony of the alleged oral agreement for rescission of the written contract, as such oral agreement was void under the Statute of Frauds and the Statute of Conveyances; and, second, that the trial court erred in submitting Special Issues 4 through 8, in that the same were evidentiary, only, and not the ultimate issues required to write a valid judgment.

We cannot agree with appellant that the court erred in permitting the testimony concerning the oral agreement to surrender the lease before the expiration date because of the Statute of Frauds or the Statute of Conveyances. A well-recognized exception to these two statutes is that a person may estop himself from claiming the benefit of them, and "surrender", as plead by appellee, is such an exception. Where circumstances and acts of the parties are equivalent to agreement by tenant to abandon leased premises, and on the part of the landlord to resume possession, "surrender" results by operation of law.

Cannon v. Freyermuth, Tex.Civ.App., 4 S.W.2d 84; 20–A Tex.Jur. 377, sec. 108; Robertson v. Melton, Tex.Com.App., 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505; 27 Tex.Jur. 312, sec. 183, Landlord and Tenant; Dearborn Stove Co. v. Caples, 149 Tex. 563, 236 S.W.2d 486. The question of whether the landlord and tenant agreed to terminate the contract and surrender their rights is one of fact for the jury's determination, and their finding thereon will not be disturbed by the appellate court where the evidence appears to have been conflicting. In the case at bar, the jury found that appellee and appellant had reached an agreement to terminate said lease, and, by their answers, found that such agreement constituted surrender. Barret v. Heartfield, Tex.Civ.App., 140 S.W.2d 942 (wr. ref.); Early v. Isaacson, Tex.Civ. App., 31 S.W.2d 515 (wr. ref.).

The Supreme Court, in Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 164 S.W.2d 488, 491, stated:

"That the strict performance of a contract which is required to be in writing may be waived, or its terms extended, by oral agreement." (Citing numerous cases.)

In this case, the court further set out that it was necessary that promisee, in reliance upon the oral agreement or permission, materially change his position. We believe, in the case at bar, the evidence upon which the jury made its findings is sufficient to support a "surrender" by appellee to appellant.

■■ The next group of errors charged by appellant has to do with Special Issues 4 through 8. These are:

"Special Issue No. 4:

"Do you find from a preponderance of the evidence that plaintiff, J. L. Nutt, on or about July 1, 1956, represented to defendant, W. E. Berry, that he desired defendant to vacate the ranch on or before October 1, 1956? Answer 'yes' or 'no'.

"Answer: Yes.

"If you have answered the above 'yes', then answer the following:

"Special Issue No. 5:

"Do you find from a preponderance of the evidence that defendant, W. E. Berry, in reliance upon such representation, if any, did vacate said premises on or before October 1, 1956? Answer 'yes' or 'no'.

"Answer: Yes.

"If you have answered the above 'yes' then answer the following:

"Special Issue No. 6:

"Do you find and believe from a preponderance of the evidence that defendant, relying upon such representation, if any, incurred expenses and entered into another lease contract for lands in Hudspeth County, Texas? Answer 'yes' or 'no'.

"Answer: Yes.

"Special Issue No. 7:

"Do you find and believe from a preponderance of the evidence that plaintiff, J. L. Nutt, prior to October 1, 1956, re-entered upon the leased premises and cut off the windmills thereon? Answer 'yes' or 'no'.

"Answer: Yes.

"Special Issue No. 8:

"Do you find from a preponderance of the evidence that plaintiff, J. L. Nutt, prior to October 1, 1956, refused to permit defendant to place goats on the leased premises? Answer 'yes' or 'no'.

"Answer: Yes".

Appellant charges that these issues are evidentiary, only, and not the ultimate fact issues. With this contention we cannot agree. In a proper case, each fact issue

does not necessarily have to be submitted, but a number of evidentiary issues may be grouped, where, taken together, they constitute only one ultimate issue. Texas Livestock Marketing Ass'n v. Rogers, Tex.Civ. App., 244 S.W.2d 859; Speers' Law of Special Issues, page 243; 41–B Tex.Jur. 472, sec. 385.

The issues complained of in this case were the necessary elements, when taken together, to constitute a mutual oral rescission of the written contract, creating the estoppel plead by appellee.

Finding no reversible error, the judgment of the trial court is in all things affirmed.