Elmer W. **GIVENS** & William P. **Dawson** d/b/a **United Farm Agency,** Appellants,

v.

Harold **DOUGHERTY,** Appellee.

No. 2–83–107–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 14, 1983.

Jennings, Dies & Turner and Jess N. Turner, III, Graham, for appellants.

Bobby Joe Mann, Mineral Wells, for appellee.

Before HUGHES, ASHWORTH and JOE SPURLOCK, II, JJ.

## OPINION

ASHWORTH, Justice.

Appellants, Elmer W. Givens and William P. Dawson, d/b/a United Farm Agency, appeal from a jury verdict denying them recovery of a real estate commission.

Judgment affirmed.

On August 10, 1979, appellee, Harold Dougherty, granted appellants sole and exclusive right to sell his property. Appellants advertised the property, corresponded with prospective purchasers, and showed the property. On March 4, 1980, appellee sold the property himself. Appellants made demand on appellee for payment of the commission due under the listing agreement. Appellee refused to pay the commission claiming there was an oral agreement to rescind the agreement.

Appellants moved for a summary judgment. After a hearing on the motion, the trial court entered an order overruling the motion. The case then proceeded to trial before a jury. Upon the conclusion of the evidence, appellants moved for an instructed verdict which was overruled. Judgment was entered for the appellee after the jury found an oral agreement to rescind the contract did exist.

Appellants urge five points of error. In their first point, appellants claim that the trial court erred in overruling their motion for summary judgment. It is well settled, however, that an appeal may not be taken from the denial of a summary judgment because such denial is not a final judgment. *Novak v. Stevens,* 596 S.W.2d 848 (Tex.1980). Therefore, the action of the trial court in this case in overruling appellants' motion for summary judgment where a final judgment was rendered after a trial on the merits is not a matter for this court to consider on appeal. *In Interest of Rente-*

*ria,* 624 S.W.2d 353 (Tex.App.—Corpus Christi 1981, no writ). Appellants' first point of error is overruled.

■ Appellants contend in their second point of error that the trial court erred in overruling their motion for instructed verdict. It is appellants' contention that they were entitled to judgment as a matter of law and that there was no material issue of fact for the jury's determination. While it is true that there was no question as to the existence of the exclusive listing agreement, the central issue in the case was whether there was an oral agreement which would be effective to rescind the exclusive listing agreement and thereby discharge the parties from their respective duties. Therefore, the fact that appellants proved the existence of the listing agreement would not entitle them to an instructed verdict as a matter of law.

Appellants also urge that equity may be employed to take an oral agreement out of the statute of frauds only where enforcement of the statute of frauds would plainly work a fraud. As will be shown below, an oral agreement is effective to rescind a written listing agreement, therefore, the law of equity is not applicable in this case. Appellants' second point of error is overruled.

In their third point of error, appellants urge that the trial court erred in submitting Special Issue No. 1 to the jury. Special Issue No. 1 reads as follows:

> Do you find from a preponderance of the evidence that prior to March 4, 1980 [appellants and appellee] agreed to rescind the written real estate listing agreement dated August 10, 1979.

■ Parties may rescind their contract by mutual agreement. In doing so, they relieve themselves from their respective duties. This mutual release of rights of the parties is sufficient consideration for the agreement to rescind. In addition, an "agreement of rescission can be made tacitly as well as expressly." *Texas Gas Utilities Company v. Barrett,* 460 S.W.2d 409, 414 (Tex.1970). Therefore, parties who have entered into a written agreement may subsequently agree to its rescission or cancellation and enter into another contract, either verbally or in writing. *Street v. Smith Bros. Grain Co.,* 274 S.W. 643 (Tex. Civ.App.—Fort Worth 1925, no writ).

■ It is clear, however, that a contract cannot be unilaterally rescinded. There must be an acceptance by the other party either affirmatively or by acquiescence in such a way sufficient to constitute an election to terminate the contract. *Texas Gas Utilities, supra.* A controlling issue in this case, therefore, is whether there was a mutual agreement to rescind the real estate listing agreement. Issues which would control the disposition of the case and which are raised by the pleadings and the evidence are to be submitted to the jury. The trial court, therefore, properly submitted Special Issue No. 1 to the jury. *Stone v. Metro Restaurant Supply, Inc.,* 629 S.W.2d 254 (Tex.App.—Fort Worth, 1982, writ ref'd n.r.e.). Appellants' third point of error is overruled.

■ In their fourth point of error, appellants claim the trial court erred in instructing the jury as to the meaning of the term "rescind". Appellants' argument in support of their fourth point of error is that Special Issue No. 1 should not have been submitted and, therefore, the definition of "rescind" should not have been given. As stated above, the existence of an oral agreement to rescind the listing agreement was a material fact issue. Therefore, the trial court properly submitted "explanatory instructions and definitions . . . to enable the jury to render a verdict . . ." TEX.R. CIV.P. 277. There is no contention the instruction was incorrect. Appellants' fourth point of error is overruled.

Appellants' contend in their fifth point of error that the trial court erred in denying their motion for judgment and to disregard the jury's answer to Special Issue No. 1. In this point of error, appellants set forth the same contentions which we considered when points of error two and three are overruled. In overruling points two and three, we have

in effect overruled appellants' point of error number five.

Judgment affirmed.