Jennings, Dies & Turner, Jess N. Turner, III, Graham, for petitioners.

Bobby Joe Mann, Mineral Wells, for respondent.

KILGARLIN, Justice.

The issue presented is whether a contract that is required to be in writing may be rescinded by oral agreement. Elmer W. Givens and William P. Dawson, doing business as United Farm Agency, filed suit against Harold Dougherty to collect a commission for the sale of real estate owned by Dougherty. Dougherty had sold the land in question through his own efforts and initiative, although he had given an exclusive listing agreement, in writing, to Givens and Dawson. Such listing agreement provided that even if Dougherty sold the land to a purchaser found by him, he would nevertheless owe a commission. Dougherty claimed the listing agreement had been mutually orally rescinded, and a jury concurred. There was no contention that the listing agreement would not have been enforceable but for the allegation of oral rescission. There was no contention of the involvement of equitable considerations. The judgment of the trial court was in favor of Dougherty, denying the commission. The court of appeals affirmed. 663 S.W.2d 88. We reverse the judgments of the courts below and render judgment in behalf of Givens and Dawson.

Texas Revised Civil Statutes Annotated art. 6573a, § 20(b) (Vernon Supp.1984) provides as follows:

**Elmer W. GIVENS and William P. Dawson d/b/a United Farm Agency, Petitioners,**

v.

**Harold DOUGHERTY, Respondent.**

No. C–2820.

Supreme Court of Texas.

June 20, 1984.

Rehearing Denied July 18, 1984.

An action may not be brought in a court in this state for the recovery of a commission for the sale or purchase of real estate unless the promise or agreement on which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged or signed by a person lawfully authorized by him to sign it.

This statutory provision has been interpreted as coming within the Statute of Frauds. In *Denman v. Hall,* 144 Tex. 633, 193 S.W.2d 515 (1946), this court stated:

The effect of this statute is to require that contracts by which an agent is employed to buy or sell real estate must be in writing; otherwise they are not enforceable. Its purpose, like that of other sections of the Statute of Frauds, is to prevent fraud arising from parol testimony as to the terms and conditions of such contract.

*Id.* at 516; *see also Dracopoulas v. Rachal,* 411 S.W.2d 719 (Tex.1967).

■ It goes without saying that a contract required to be in writing cannot be orally modified except in limited circumstances such as extension of time for performance. *Cf. Dracopoulas v. Rachal; Gulf Production Co. v. Continental Oil Co.,* 139 Tex. 183, 164 S.W.2d 488 (1942). Our question, however, not previously addressed in Texas, is whether there may be a mutual oral rescission of a contract for a commission for the sale of real estate. There are, of course, cases that generally discuss oral rescission of contracts required to be in writing. For example, *Nutt v. Berry,* 323 S.W.2d 500 (Tex.Civ.App.—El Paso 1959, no writ), involved the issue of whether the trial court erred in permitting testimony of an alleged oral agreement for rescission of a written lease contract, which, because of its term, was required to be in writing. Relying upon the authority of *Gulf Production Co.,* the court of appeals concluded that such termination could be done orally and that it was a matter of fact determination by a jury.

■ A majority of Texas cases hold contrary to *Nutt v. Berry. See Dial v. Crain,* 10 Tex. 444 (1853); *Gardner v. Sittig,* 222 S.W. 1090 (Tex. Comm'n App.1920, judgmt adopted); *Reyes v. Smith,* 288 S.W.2d 822 (Tex.Civ.App.—Austin 1956, writ ref'd n.r. e.). These cases provide us with a general statement of law rejecting oral rescission but are devoid of reasoning in support thereof. The purpose of the Statute of Frauds is to remove uncertainty, prevent fraudulent claims, and reduce litigation. The paucity of Texas case law on the subject at hand is indicative that the Statute of Frauds has been successful in regards to this latter aspect. To allow parol agreements to rescind contracts required to be in writing would permit all of these effects. Inevitably, claims of oral rescission would occur whenever the terms of a contract become onerous to one of the parties. To allow the very existence of a contract to be negated by parol evidence would be to render the Statute of Frauds a nullity. In fact, we would be encouraging frauds.

■ We concede that the position of Dougherty appears to be supported by virtually all of the commentators. According to 72 Am.Jur.2d *Statute of Frauds* § 282 (1974), "the trend of modern authority seems to be toward the view that an oral rescission of an executory contract is valid notwithstanding that the contract rescinded was one required by the statute of frauds to be in writing...." *See also* Restatement (Second) of Contracts § 148 (1981); 4 W. Jaeger, *Williston on Contracts,* § 592 (3d ed. 1961); J. Calamari & J. Perillo, *Contracts* § 19–37 (2d ed. 1977); and, 2 *Corbin on Contracts* § 302 (1950). Whatever the commentators may say, our longstanding Texas rule has proved workable and effective. We do not choose to change it. We, therefore, disapprove of any language in *Nutt v. Berry* that would allow mutual oral rescissions of contracts required to be in writing. The facts and issues of this case present no arguments as to equitable considerations. Therefore, we are not to be understood as disturbing *Ponce v. McWhorter,* 50 Tex. 562 (1879), or its progeny.

The judgments of the courts below are reversed and judgment is here rendered that Givens and Dawson recover from Dougherty $30,000 as commission; $8,750 as attorney fees; both pre-judgment and post-judgment interest on the commission; and post-judgment interest on the attorney fees.

SPEARS, J., dissents with opinion in which WALLACE, J., joins.

SPEARS, Justice, dissenting.

I respectfully dissent. The majority concedes the virtually unanimous critical view that an oral rescission of a contract within the Statute of Frauds ought to be enforceable. The majority refuses to follow this line, however, saying that it instead prefers to uphold the "well-established" Texas rule. Close analysis reveals, however, that there is no Texas authority governing this case, and that in fact all the cases cited by the majority are consistent with the strong scholarly position to the contrary.

There is no doubt that the prevailing rule outside of Texas is that such oral rescissions are effective. The *Restatement* says so, *Restatement (Second) of Contracts* § 148 (1981), and the commentators say so. *See* J. Calamari and J. Perillo, *Contracts* § 19–37 (2d ed. 1977); 2 A. Corbin, *Corbin on Contracts* § 302 (1950); J. Murray, *Murray on Contracts* § 332 (1974); 4 W. Jaeger, *Williston on Contracts* § 592 (3d ed. 1961). This rule is not a new one; Williston regarded it as settled in 1904, Williston, *Recission by Parol Agreement*, 4 Colum.L.Rev. 455, 462 (1904), and even cited an 1833 case in so stating. *Goss v. Lord Nugent*, 5 B. & Ad. 58 (1833).

There is one qualification to this general rule, and it is a logical one. If the subsequent rescission itself, because of its subject matter, falls within the Statute of Frauds, then it must be in writing. J. Murray, *supra*. The most frequent manifestation of this rule is the requirement that a rescission of a contract for the transfer of an interest in land be in writing. Williston, *Recission, supra; Restatement* § 148. This exception makes sense. At some point, the cancellation of a land sale is, essentially, a retransfer of the land, and thus within the statute.

No case cited by the majority conflicts with the rule as stated above. The grandfather case, *Dial v. Crain*, 10 Tex. 444 (1853), involved the sale of land; in fact, Williston cited it in noting the exception outlined above. In *Gardner v. Sittig*, 222 S.W. 1090 (Tex.Comm'n App.1920, jdgm't adopted), the question was whether a five year lease of real property could be orally rescinded. The court held that it could not, but in so holding noted that there was more than a year to run on the leasehold term. Apparently, the court thought that the rescission was not performable within one year, and thus was covered by the statute. Finally, *Reyes v. Smith*, 288 S.W.2d 822 (Tex.Civ.App.—Austin 1956, writ ref'd n.r.e.), also involved the cancellation of a lease, and thus arguably falls within the real property exception. Moreover, much of the authority relied on by the *Reyes* court was simply not in point, involving either the parol evidence rule rather than the Statute of Frauds, or an oral modification rather than a rescission of a contract.

Not only does no Texas authority support the majority's position, the policy underlying the Statute of Frauds does not do so either. The majority's own quotation from *Denman v. Hall*, 144 Tex. 633, 193 S.W.2d 515 (1946), reveals as much: "[The] purpose [of the statute] is to prevent fraud arising from parol testimony as to the terms and conditions of such contract." *Id.* at 516. In other words, the purpose of the Statute of Frauds is to fix the specific terms of the agreement between the parties. Here, on the other hand, there is no dispute as to the terms; the question is whether the contract has been discharged. That is a question of fact and can be decided by a jury just as the jury always determines facts that constitute performance or breach. *Yaeger v. Long Bros. Drilling Co.*, 147 S.W.2d 276 (Tex.Civ.App.—San Antonio 1941, writ ref'd). Generally, courts construe the Statute of Frauds

strictly, in order to avoid defeating the intent of the parties. J. Calamari and J. Perillo, *supra*, § 19–1. Here, on the other hand, the majority has read an entirely new provision into the statute. The statute makes no mention of contracts of rescission, and should not be construed so as to include them.

There is neither policy nor precedent mandating the result reached by the majority; both logic and authority suggest the opposite. I would go along with the nearly unanimous rule, and affirm the court of appeals.

WALLACE, J., joins in this dissenting opinion.