**UNITED PARCEL SERVICE, INC., Appellant,**

v.

**CENGIS TASDEMIROGLU d/b/a CTC Computers, Appellee.**

No. 14–98–01280–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 10, 2000.

Panel consists of Justices CANNON, DRAUGHN, and LEE.*

## OPINION

JOE L. DRAUGHN, Justice (Assigned).

United Parcel Service, Inc. (UPS) brings this appeal from a suit in which it stipulated breach of contract and actual damages and in which the jury awarded appellee, Cengis Tasdemiroglu d/b/a CTC Computers (CTC), $39, 791.35 in attorneys' fees. In its sole point of error, UPS contends that the Federal Aviation Administration Authorization Act (FAAAA) preempts CTC's claim for attorneys' fees. Because we hold that UPS failed to preserve error to review the award of attorneys' fees to CTC, we affirm the judgment of the trial court.

## BACKGROUND

CTC shipped a computer via UPS from Spring, Texas to a customer in Sanderson, Texas and declared that the value of the shipment was $8,000. When the computer arrived at the customer's address, it had been damaged beyond repair. CTC eventually sued UPS on a number of grounds, including breach of contract. Four years after the shipment, UPS finally stipulated that it had breached its contract with CTC and that actual damages were $8,000. Despite the years of legal fees that CTC had accrued, UPS maintained that federal law disallowed CTC's claim for attorneys' fees. The trial court denied UPS's motion for summary judgment on CTC's attorneys' fees.[1] At trial several months later, the sole issue for the jury was the amount of reasonable and necessary attorneys' fees

Keith Duane Jaasma, Amy Douhitt Maddux, Houston, for appellant.

Murphy S. Klasing, David P. Andis, Houston, for appellee.

* Senior Justices Bill Cannon, Joe L. Draughn, and Norman Lee sitting by assignment.

1. Procedurally, UPS first sought summary judgment on all of CTC's claims. The trial court granted summary judgment on all but the breach of contract claim, and it "carried" the attorneys' fees issue to be readdressed "at the time of trial." Two days after the court's order, UPS stipulated that it had breached the contract. Both it and CTC immediately filed trial briefs on the attorneys' fees issue, the only remaining claim in the case. Then, instead of raising the attorneys' fees issue during trial (as contemplated by the trial court's first order), UPS filed a motion to reconsider its motion for summary judgment. The trial court denied the summary judgment, ordering in part "that Plaintiff be allowed to present evidence of the reasonableness of its attorneys' fees in this matter."

for CTC's breach of contract claim. The jury awarded $39,796.35.

## PRESERVATION OF ERROR

We first address CTC's contention that UPS is impermissibly appealing the denial of its motion for summary judgment. The general rule is that a denial of a summary judgment cannot be reviewed on appeal. *See Cincinnati Life Ins. v. Cates*, 927 S.W.2d 623, 625 (Tex.1996). Further, where a motion for summary judgment is denied by the trial judge and the case is tried on its merits, the order denying the summary judgment cannot be reviewed on appeal. *See Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966).[2] The party's remedy is to assign error to the trial court's judgment ultimately rendered following trial on the merits. *See Turner v. County of Marion*, 549 S.W.2d 254, 255 (Tex.Civ.App.—Texarkana 1977, writ dism'd).

UPS responds that it is appealing from a final judgment, not its motion for summary judgment.[3] The question thus becomes whether it preserved error to complain about the final judgment on appeal. To preserve error for a no evidence or a matter of law point of error, the appellant *must* raise the issue through one of the following: (1) a motion for directed verdict; (2) a motion for judgment not-

withstanding the verdict;[4] (3) an objection to the submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial. *See Cecil v. Smith*, 804 S.W.2d 509, 510–11 (Tex.1991).[5] UPS did none of these things. Despite its contention that it "consistently and repeatedly made its position on preemption clear to the trial court," UPS failed to do so in trial and in a manner that preserves error for appeal.

UPS nonetheless argues that the trial court's order denying its summary judgment was unequivocal and that it should not have to argue the legal issue of preemption to the jury. This argument is unpersuasive. First, in none of the five methods to preserve error does a party argue its legal position to the jury. Second, there are other instances in the law where a judge's legal ruling seems conclusive to a party, but the party must re-urge its position to preserve error for appeal. *See, e.g., Clark v. Trailways, Inc.*, 774 S.W.2d 644, 647 (Tex.1989) (pretrial motion for sanctions, which trial court denied, failed to preserve error when court permitted undisclosed witness to testify; party must object to testimony at trial to preserve error); *State v. Baker*, 574 S.W.2d 63, 65 (Tex.1978) (running objec-

---

**2.** *See also Carr v. Weiss*, 984 S.W.2d 753, 760 (Tex.App.–Amarillo 1999, pet. denied); *Libhart v. Copeland*, 949 S.W.2d 783, 796 (Tex.App.-Waco 1997, no writ); *Orozco v. Orozco*, 917 S.W.2d 70, 72 (Tex.App.-San Antonio 1996, writ denied); *Dolenz v. Texas State Bd. Of Medical Examiners*, 899 S.W.2d 809, 812 (Tex.App.-Austin 1995, no writ); *Nash v. Civil Serv. Com'n*, 864 S.W.2d 163, 165 (Tex.App.-Tyler 1993, no writ); *Gem Homes, Inc. v. Contreras*, 861 S.W.2d 449, 453 (Tex.App.-El Paso 1993, writ denied); *Givens v. Dougherty*, 663 S.W.2d 88, 89–90 (Tex.App.-Fort Worth 1983), *rev'd on other grounds*, 671 S.W.2d 877 (Tex.1984).

**3.** Despite its notice of appeal, which states, "[UPS] files this notice of appeal of its desire to appeal the trial court's *partial denial of summary judgment* and the final judgment in this case." [Emphasis added].

**4.** A court should grant a motion for judgment notwithstanding the verdict if a legal principle prevents a party from prevailing on its claim. *See ARCO v. Misty Prods., Inc.*, 820 S.W.2d 414, 420–21 (Tex.App.-Houston [14th Dist.] 1991, writ denied).

**5.** If the issue of attorneys' fees were tried to the bench, UPS would only have needed to bring its objections to the trial court's attention and file a statement of facts with this Court. *See Kissman v. Bendix Home Sys., Inc.*, 587 S.W.2d 675, 677–78 (Tex.1979); *Regan v. Lee*, 879 S.W.2d 133, 135 (Tex.App.-Houston [14th Dist.] 1994, no writ). However, UPS demanded a jury trial, thus necessitating preservation of error through one of the five enumerated methods.

tion preserves error regarding repeated offer or admission of evidence); *Hartford Accident & Indem. Co. v. McCardell,* 369 S.W.2d 331, 335 (Tex.1963) (if motion in limine is overruled, to preserve error, party must object when question is asked or evidence is offered during trial); *Ludlow v. DeBerry,* 959 S.W.2d 265, 270 (Tex. App.–Houston [14th Dist.] 1997, no writ) (when trial court excludes party's evidence, party must make offer of proof to preserve error and to permit the trial court to reconsider its ruling); *Cliffs Drilling Co. v. Burrows,* 930 S.W.2d 709, 712 (Tex.App.-Houston [1st Dist.] 1996, no writ) (party must re-urge its motion for directed verdict at close of all the evidence when trial court denies the motion during trial). To borrow the Texas Supreme Court's reasoning, "Parties in any instance should not assume that the trial court is incapable of recognizing an error in a previous [ruling]...." *Clark v. Trailways, Inc.,* 774 S.W.2d at 647.

█ Lastly, UPS argues it is irrelevant whether it is only appealing the denial of its summary judgment because the trial court "effectively" granted summary judgment to CTC on its right to attorneys' fees. Because the trial court "effectively" granted summary judgment to CTC, but denied summary judgment to UPS, UPS claims that it can appeal the denial. *See Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400 (1958). *Tobin v. Garcia* and its progeny hold that when both parties move for summary judgment, and the trial court grants one motion but denies the other, the non-prevailing party may appeal both the summary judgment granted against it and summary judgment denied it. *See id.; Holmes v. Morales,* 924 S.W.2d 920, 922 (Tex.1996); *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988).

The problem with UPS's argument is two-fold. First, CTC's motion for partial summary judgment did *not* seek judgment

on its claim for attorneys' fees.[6] Second, the trial court *denied* CTC's motion for partial summary judgment. We do not have the same situation as the *Tobin v. Garcia* line of cases. Naturally, when the trial court denied UPS's motion for summary judgment on the attorneys' fees issue, CTC benefitted. The effect of all legal rulings is a benefit to one party and a detriment to the other. However, we disagree with UPS that a denial of one party's summary judgment on a question of law is an "effective" grant of summary judgment for the other party. Thus, we decline to extend *Tobin v. Garcia* to the scenario presented in this case.

In conclusion, UPS failed to preserve error to appeal the final judgment in this case. Further, it may not appeal the denial of its motion for summary judgment. Either way, we overrule UPS's point of error and affirm the judgment of the trial court.

---

6. CTC's motion sought summary judgment on its breach of contract claim. Only in the prayer to its trial brief, filed in reply to UPS's trial briefing and apparently at the invitation of the trial court, did CTC ask that it be granted the right to attorneys' fees.