**AFFIRMED and Opinion Filed February 11, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00188-CV

**LAW OFFICE OF ANDREW L. JONES, P.C., AND ANDREW JONES, Appellants**
**V.**
**LESLIE SCHACHAR, MD, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-11330**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Evans
Opinion by Justice Reichek

Appellants Law Office of Andrew L. Jones, P.C., and Andrew Jones appeal the trial

court's take-nothing summary judgment on their claims to recover fees they contend are owed

under an oral flat-fee agreement for legal services with Leslie Schachar, MD. In two issues,

appellants argue they raised fact issues precluding summary judgment. For the reasons set out

below, we overrule both issues and affirm the trial court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2010, Schachar entered into a written contingency fee agreement with the law firm

of Tipton Jones to collect a judgment obtained by Schachar against his former business partner,

Stanley Thaw. Andrew Jones handled the case. The agreement automatically terminated in

eighteen months if not renewed in writing and provided that neither party would owe the other anything.

Weeks before the fee agreement terminated, Thaw filed for Chapter 7 bankruptcy. Thereafter, in February 2012, Schachar entered into a new 50% contingency fee agreement with Jones's new firm, Andrew L. Jones, P.C., to collect the Thaw debt. This agreement terminated in twenty-four months if not renewed in writing, and, as before, neither party would owe the other anything. Additionally, the agreement provided as follows:

> This letter constitutes the entire agreement of the parties pertaining to the terms of our engagement as specified herein, and it supersedes all prior agreements, understandings, negotiations and discussions. This Agreement may not be modified except in writing and signed by all parties hereto.

Christopher Moser, an attorney with the law firm of Quilling, Selander, Lownds, Winslett & Moser, P.C., was appointed as the Chapter 7 trustee to administer the Thaw bankruptcy estate.[1] One of the assets of the estate was a multi-million dollar residence in Plano, Texas. Jones filed a proof of claim on Schachar's behalf asserting he was a secured creditor of the property. Ultimately, the bankruptcy court ordered the house to be sold for the benefit of the creditors.

About this time, Jones took a position as "of counsel" with the law firm where the bankruptcy trustee was employed. Because his representation of Schachar in the Thaw bankruptcy represented a conflict of interest, on September 4, 2013, Jones withdrew as counsel for Schachar in the bankruptcy proceeding. On the same day, Jones sent a one-page invoice to Schachar requesting payment of $211,784.52 for "Total Current Work." The bill was based on 50% recovery on $433,569.03, minus $5,000 previously paid by Schachar. At that time, Jones had not recovered $433,569.03 from the Thaw bankruptcy estate.

---

[1] During the course of the bankruptcy proceedings, the bankruptcy court approved Moser's request to employ Jones as special counsel on a contingency fee basis to pursue certain fraudulent claims against various other parties.

Seven days after Jones withdrew as counsel, the Chapter 7 trustee objected to Schachar's secured claim and sought to reclassify it as an unsecured claim, which likely meant Schachar would receive little or no recovery from the bankruptcy estate.[2] Schachar hired new counsel to defend against the trustee's objection. Litigation of the issue continued for more than two years, with Schachar ultimately prevailing.[3] The bankruptcy court approved a settlement of Schachar's secured claim and distribution to him of $444,000 from the proceeds of the Plano property.

In August 2017, appellants sued Schachar for breach of contract, quantum meruit, promissory estoppel, and unjust enrichment. They alleged they had an oral agreement, beginning on September 4, 2013, to provide legal services and "continue to provide legal services" with respect to the collection of the Thaw debt. Appellants alleged Schachar agreed to a "flat fee" of $211,784.52 "to be paid upon the recovery of all or part of the debt" by Schachar, and that Schachar had recovered more than $400,000 but refused to pay the fee.

Schachar filed an answer generally denying the allegations, specifically denying that conditions precedent to recovery were performed, and raising several rule 94 affirmative defenses. Subsequently, Schachar sought both traditional and no-evidence summary judgment supported by affidavit testimony, copies of the 2010 and 2012 written fee agreements, and documents from the Thaw bankruptcy.

With respect to the breach of contract claim, Schachar argued, among other grounds, that the February 2012 Fee Agreement was required to be in writing because (1) it contained an express two-year performance period and (2) was a contingency fee contract for legal services. *See* TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(6) (requiring an agreement which is not to be performed within one year from the date of making the agreement to be in writing and signed by the person

---

[2] Two months later, Schachar filed a grievance against Jones, which Jones states was "summarily dismissed." Jones asserted in his declaration that he continued to "provide legal services" to Schachar until he received notice of the grievance on November 20, 2013.

[3] Schachar's legal fees were more than $130,000.

to be charged); TEX. GOV'T CODE ANN. § 82.065(a) (requiring contingent fee contract for legal services to be in writing and signed by attorney and client). Because the contract was required to be in writing, he argued, the alleged subsequent "oral agreement" to terminate the written fee agreement was an unenforceable oral modification. As to appellants' equitable claims, Schachar raised numerous grounds, including the argument that appellants could not recover on those claims because there is a valid contract covering the services furnished.

Appellants responded to the motion, supported by Jones's declaration, asserting there is a fact issue as to whether the February 2012 Fee Agreement was terminated and replaced by the September 2013 oral agreement. In his declaration, Jones asserted that he had numerous communications with Schachar during the weeks and months preceding his withdrawal as counsel, during which time Schachar "repeatedly expressed a strong desire for Jones to continue representing him with respect to collecting the Thaw Judgment and acknowledged that Jones had to withdraw as counsel in the bankruptcy proceeding." Jones averred that after lengthy negotiations, the parties orally agreed to a new representation agreement on September 4, 2013. In particular, he asserted, they agreed (1) to terminate the 2012 agreement and "the requirement for written termination was waived," (2) in consideration of Jones's agreement to continue to represent Schachar, Schachar would pay the Jones firm a flat fee of $211,784.52, (3) the flat fee represented, among other things, "agreed-to compensation for [Jones's] continued representation of [Schachar] as collection counsel, not solely for past work," and (4) as for time of payment, the flat fee would be "due and payable upon recovery of the underlying claim." Appellants also asserted that summary judgment was inappropriate on the equitable claims.

The trial court granted Schachar's motion without stating grounds. Appellants' motion for new trial was overruled by operation of law, and this appeal ensued.

–4–

ANALYSIS

We review an order granting summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

When reviewing a traditional summary judgment in favor of a defendant, we determine whether the defendant conclusively disproved an element of the plaintiff's claim or conclusively proved every element of an affirmative defense. *Durham v. Children's Med. Ctr. of Dallas*, 488 S.W.3d 485, 489 (Tex. App.—Dallas 2016, pet. denied). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Id*. We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017).

In a no-evidence motion for summary judgment, the movant need only allege there is no evidence to support an essential element of a claim on which a nonmovant has the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Sw. Elec. Power v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). Once that occurs, the burden shifts to the nonmovant to present evidence that raises a fact issue on the challenged elements. TEX. R. CIV. P. 166a(i); *Swan v. GR Fabrication, LLC*, No. 05-17-00827-CV, 2018 WL 1959486, at *1 (Tex. App.—Dallas Apr. 26, 2018, no pet.) (mem. op.). The nonmovant will defeat a no-evidence summary judgment by presenting more than a scintilla of evidence to raise a genuine issue of material fact. *Swan*, 2018 WL 1959486, at *1. More than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

In their first issue, appellants assert a fact issue exists as to whether there is an enforceable oral agreement between Jones and Schachar, directing us to Jones's testimony that (1) he orally

agreed to a new representation agreement on September 4, 2013, (2) the February 2012 Fee Agreement was "terminated" by the parties, and (3) the contractual requirement for written modification was waived. As legal authority, appellants contend that (1) Texas law does not prevent a written instrument to be later modified or changed by the parties by an oral agreement and (2) a written contract—not required by law to be in writing—may be modified by a subsequent oral agreement even though it provides that it can be modified only by written agreement." *See Mar-Lan Indus., Inc. v. Nelson*, 635 S.W.2d 853, 855 (Tex. App.—El Paso 1982, no writ).

We agree that, generally, a written contract not required by law to be in writing may be modified by a subsequent oral agreement even though it provides it can be modified only by a written agreement. *See Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 808 (Tex. App.—Dallas 2008, pet. denied); *Pointe W. Ctr., LLC v. It's Alive, Inc.*, 476 S.W.3d 141, 151 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). "Such a written bargain or agreement is of no higher legal degree than an oral one, and either may vary or discharge the other." *Pointe W. Ctr.*, 476 S.W.3d at 151 (quoting *Mar-Lan Indus.*, 635 S.W.2d at 855). Thus, proof that a contract provision requires modifications to be in writing does not establish as a matter of law that the parties did not modify the contract orally. *Pointe W. Ctr.*, 476 S.W.3d at 151.

But, when the written contract *is* required by law to be in writing, the rules are different. A contract that is required to be in writing may not be rescinded by oral agreement. *Givens v. Dougherty*, 671 S.W.2d 877, 878 (Tex. 1984).[4] Moreover, a contract required to be in writing cannot be orally modified except in limited circumstances, such as extension of time for performance. *Id*. The critical determination is whether the modification *materially* affects the

---

[4] In reaching this conclusion in *Daugherty*, the supreme court acknowledged that the "trend of modern authority" followed the contrary view. Nevertheless, the court considered the purpose of the statute of fraud to "remove uncertainty, prevent fraudulent claims, and reduce litigation," and reasoned that "[t]o allow parol agreements to rescind contracts required to be in writing would permit all of these effects." *Id*. at 878.

obligations in the underlying agreements. *Grp. Hosp. Servs., Inc. v. One and Two Brookriver Ctr.*, 704 S.W.2d 886, 890 (Tex. App.—Dallas 1986, no writ); *Am. Garment Props., Inc. v. CB Richard Ellis-El Paso, L.L.C.*, 155 S.W.3d 431, 437 (Tex. App.—El Paso 2004, no pet.). Oral modifications are enforceable only if the character or value of the underlying agreement is unaltered. *Grp. Hosp. Servs.,* 704 S.W.2d at 890; *Am. Garment Props.,* 155 S.W.3d at 437.

Here, although appellants suggest the February 2012 Fee Agreement was not required by law to be in writing, they offer no legal citation or analysis for such a proposition. Regardless, it is undisputed that the February 2012 Fee Agreement was required by law to be in writing because it was a contingent fee contract for legal services. *See* TEX. GOV'T CODE ANN. § 82.065(a).[5] This statute, which mandates such agreements to be in writing, "can be sensibly construed to operate in a manner similar to the statute of frauds." *Enochs v. Brown*, 872 S.W.2d 312, 318 (Tex. App.— Austin 1994, no writ), *disapproved on other grounds by Roberts v. Williamson*, 11 S.W.3d 113 (Tex. 2000).

Because the 2012 agreement was required to be in writing, the dispositive question is whether the oral modification *materially* affected the obligations in the underlying agreements. Changing the 2012 Fee Agreement from a percentage contingency fee to a flat fee payable upon recovery is clearly a material change, and appellants have not argued otherwise. The February 2012 Fee Agreement involved collecting the Thaw judgment. Under the written agreement, Schachar agreed that in consideration for services rendered by Andrew L. Jones P.C., the firm would receive 50% of any and all amount recovered and irrevocably assigned to the firm the contingent fee. Further, the parties agreed that the agreement would terminate in twenty-four

---

[5] Because the contract was required to be in writing under the government code, we need not address whether it was also required to be in writing under the Statute of Frauds, which is codified in section 26.01 of the Texas Business and Commerce Code. Schachar argued the contract fell within section 26.01(b)(6), which required any agreement which cannot be performed within one year from its date to be in writing and signed by the party obligated to perform, because of the provision that the contract automatically terminated in twenty-four months if not renewed in writing.

months if not renewed in writing (which would have been February 2014) and neither the firm nor Schachar would "owe the other party anything." In contrast, under appellants' alleged oral modification, appellants contend Schachar owed a "flat fee" of $211,784.52 "due and payable upon recovery of the underlying claim." This amount was not tied to any amount recovered but was apparently contingent on recovery. By the time Schachar recovered any monies, which were the result of the efforts of other counsel hired after Jones withdrew as counsel in the bankruptcy proceeding, Schachar owed nothing under the written representation agreement per its express terms. Because the oral modification asserted in this case would materially alter the parties' written agreement, appellants' summary judgment evidence did not raise a genuine issue of material fact that precluded summary judgment in Schachar's favor on appellants' breach of contract claim.[6]

In reaching our conclusion, we expressly do not address the question of whether the subsequent oral agreement itself was required to be in writing as a contingency fee agreement. Although appellants assert that the "flat fee" required under the oral agreement would be "due and payable upon recovery of the underlying claim," they further assert this is a "payable-on-recovery term" and not a "condition upon which the fee payment would be payable in the first place." Schachar did not bring any ground for summary judgment to defeat the breach of contract claim on the basis that the oral agreement was likewise subject to section 82.065 of the government code; consequently, we do not address this issue. For the reasons stated above, we overrule appellants' first issue. Given this disposition, we need not address any other issues related to the breach of contract claim.

In their second issue, appellants assert summary judgment on their equitable claims was inappropriate. Below, as one of his grounds for summary judgment, Schachar asserted that

---

[6] To the extent appellants are suggesting they orally terminated the contract, rather than modified it, *Daugherty* precluded any such action.

appellants' claims for quantum meruit, promissory estoppel, and unjust enrichment were precluded by the express contract doctrine.

Under the express contract doctrine, a party generally cannot recover under an equitable theory when there is a valid contract covering the services or materials furnished. *See Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 738 (Tex. 2018) (quantum meruit); *Trevino & Assocs. Mech., L.P. v Frost Nat'l Bank*, 400 S.W.3d 139, 146 (Tex. App.—Dallas 2013, no pet.); *Fortune Prod. Co. v. Conoco, Inc.* 52 S.W.3d 671, 684 (Tex. 2000).

In his summary judgment, Schachar asserted that both the written fee agreements in 2010 and 2012 covered the same subject matter as that of the legal services which were the subject of appellants' equitable claims, namely the recovery of the Thaw judgment. As evidence, he attached both written agreements, both of which identify the scope as collecting on the Thaw judgment. On appeal, appellants assert that Schachar's reliance on the "express contract" doctrine is unavailing because Schachar failed to conclusively prove that a valid, express contract covered the subject matter of the parties' dispute. Without any further explanation, analysis, or citation to the record, appellants merely contend there was a fact issue "as to what extent the services were governed by a valid, existing contract." Given appellants' failure to provide any substantive briefing of this issue, we conclude it is waived. *See* TEX. R. APP. P. 38.1(h); *PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 722 (Tex. App.—Dallas 2011, pet. denied) (explaining that failure to provide substantive analysis waives issue on appeal).

Moreover, there is an additional basis upon which to affirm summary judgment in Schachar's favor on appellants' claims for promissory estoppel and unjust enrichment. In his motion, Schachar also asserted there was no evidence of particular elements of each of these claims, and appellants have not challenged those grounds on appeal.

Specifically, with respect to promissory estoppel, Schachar asserted there was no evidence that either appellant reasonably and substantially relied on Schachar's alleged oral agreement to pay them a flat fee to their detriment given that (1) appellants withdrew the same day from representing Schachar in the Thaw bankruptcy proceeding and (2) it was legally impossible for them to collect the Thaw judgment outside the Thaw bankruptcy proceeding. *See Trevino & Assocs. Mech., L.P. v. Frost Nat'l Bank*, 400 S.W.3d 139, 146 (Tex. App.—Dallas 2013, no pet.) (elements of promissory estoppel claim are (1) a promise, (2) foreseeability of reliance thereon by promisor, and (3) substantial detrimental reliance by promise). *Id*. With respect to unjust enrichment, Schachar asserted there was no evidence that he obtained a benefit from appellants by fraud, duress, or taking of an undue advantage. *See Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367 (Tex. App.—Dallas 2009, pet. denied) (unjust enrichment occurs when person sought to be charged has wrongfully secured or passively received benefit from another that would be unconscionable to retain, and person obtained benefit from the other by fraud, duress, or the taking of an undue advantage).

When a party moves for summary judgment on multiple grounds and the trial court's order granting summary judgment does not specify the ground or grounds on which it was based, the appellant must negate all possible grounds upon which the order could have been based. *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied). The appellant can do this by either asserting a separate issue challenging each possible ground, or asserting a general issue that the trial court erred in granting summary judgment and within that issue providing argument negating all possible grounds upon which summary judgment could have been granted. *Id*. If an appellant does not challenge each possible ground for summary judgment, we must affirm the summary judgment on the unchallenged grounds. *See id*.

Because appellants have not challenged every ground upon which summary judgment could be based with respect to their claims for promissory estoppel and unjust enrichment, we are required to affirm summary judgment on these claims regardless of the merits of the unchallenged grounds. *See Royale v. Knightbest Mgmt., LLC*, No. 05-18-00908-CV, 2019 WL 4126600, at \*11, (Tex. App.—Dallas Aug. 30, 2019, no pet.) (mem. op.); *see also Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).    We overrule the second issue.

We affirm the trial court's judgment.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE


190188F.P05

—11—



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAW OFFICE OF ANDREW L. JONES,
P.C., AND ANDREW JONES, Appellants

No. 05-19-00188-CV        V.

LESLIE SCHACHAR, MD, Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-11330.
Opinion delivered by Justice Reichek;
Justices Molberg and Evans participating.

        In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

        It is **ORDERED** that appellee LESLIE SCHACHAR, MD recover his costs of this
appeal from appellants LAW OFFICE OF ANDREW L. JONES, P.C., AND ANDREW JONES.

Judgment entered February 11, 2020