Opinion issued February 22, 2007 

 










In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00189-CV






S.E.A. LEASING, INC., Appellant


V.


JEFF STEELE and MELISSA STEELE, Appellees







On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 2000-14641




MEMORANDUM OPINION 

 Appellant, S.E.A. Leasing, Inc., appeals the trial court's judgment entered on
a jury verdict finding premises liability in favor of appellees, Jeff Steele and Melissa
Steele ("the Steeles"). We determine (1) whether S.E.A. Leasing preserved its
statute-of-limitation challenges, (2) whether S.E.A. Leasing preserved its challenge
that the trial court improperly admitted expert testimony, and (3) whether S.E.A.
Leasing preserved its challenge that there was legally-sufficient evidence that a
dangerous condition existed on the land owned by S.E.A. Leasing. We affirm. 

Background


 On March 21, 1998, Jeff was injured when he lost control of his motorcycle on
a wooded track owned by S.E.A. Leasing. Jeff was impaled on a tree stump that was
not visible in part because the track was being run in reverse of its usual direction on
the day of the accident. On March 21, 2000, the Steeles filed suit for premises
liability against Rio Bravo Motorcross Park, Lynn Amaral, and Rio Bravo Motorcycle
Park, Inc. At the time that suit was filed, the real property records showed Lynn as
the property owner of the track. (1) After the Steeles' suit had been filed and the statute
of limitations had expired, Lynn filed a "Correction of Record Real Property
Ownership Affidavit" on December 19, 2000, which asserted that S.E.A. Leasing was
the true title owner of the track. On October 27, 2003, the Steeles amended their
petition to add S.E.A. Leasing as a defendant.

 S.E.A. Leasing affirmatively pleaded statute of limitations as a bar to the
Steeles' suit against it because suit had been filed seven months beyond the statute-of-limitations period. The Steeles brought forth legal theories in avoidance of
limitations. S.E.A. Leasing filed a motion for summary judgment on the ground of
statute of limitations; the trial court overruled this motion. The case proceeded to
trial. The Steeles' expert witness, Emil Shebelbon, testified, based on his 14 years
of experience designing and operating motorcross tracks and implementing safety
measures, that S.E.A. Leasing's track was unsafe because it had been run backwards
and that the turn should have had some type of barricade because it was a "flat turn." (2) 

 On November 30, 2004, the trial court rendered judgment upon a jury verdict
in favor of the Steeles. S.E.A. Leasing filed a motion for new trial on December 22,
2004. The clerk's record reflects that S.E.A. Leasing did not pay the statutory fee for
the motion for new trial.

Statute-of-Limitations Challenge


 In issues one and two, S.E.A. Leasing attacks the trial court's denial of its 
motion for summary judgment and motion for new trial because the statute of
limitations barred the Steeles' suit. Specifically, S.E.A. Leasing contends that the
statute of limitations was not tolled because of the discovery rule, fraudulent
concealment, misidentification, or S.E.A. Leasing's absence from the State.

A. The Law

 The primary purpose of a statute of limitations is to compel the exercise of a
right within a reasonable time so that the opposite party has a fair opportunity to
defend while witnesses are available and the evidence is fresh in their minds. Cont'l 
S. Lines, Inc. v. Hilland, 528 S.W.2d 828, 831 (Tex. 1975). Actions for premises
liability are governed by the two-year statute of limitations contained in section
16.003 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem.
Code Ann. § 16.003 (Vernon Supp. 2006). The cause of action accrues when the
negligent act is committed. See Johnson & Higgins of Tex., Inc. v. Kenneco Energy,
Inc., 962 S.W.2d 507, 514 (Tex. 1998). 

 Statute of limitations is an affirmative defense, and the burden is on the
defendant to "plead, prove, and secure findings to sustain its plea of limitations." 
Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 517 (Tex. 1988); see Tex. R.
Civ. P. 94. There is no dispute that the Steeles filed an amended petition naming
S.E.A. Leasing as a defendant more than two years after the date of the alleged injury. 
Therefore, the Steeles bore the burden of bringing forth a legal theory in avoidance
of limitations. See Diamond v. Eighth Ave. 92, L.C., 105 S.W.3d 691, 695 (Tex.
App.--Fort Worth 2003, no pet.) (citing KPMG Peat Marwick v. Harrison Co.
Housing Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999)). 

B. Motion for Summary Judgment

 We first address S.E.A. Leasing's summary-judgment motion that it contends
preserved its statute-of-limitations complaint for appellate review. 

 To preserve a complaint for appellate review, a party must first present the
issue to the trial court. Tex. R. App. P. 33.1(a). After a trial on the merits, as in the
present case, the denial of a motion for summary judgment may not be reviewed on
appeal. Ackermann v. Vordenbaum, 403 S.W.2d 362, 365 (Tex. 1966); Daniel v.
Falcon Interest Realty Corp., 190 S.W.3d 177, 187-88 (Tex. App.--Houston [1st
Dist.] 2005, no pet.) (holding that when party moves unsuccessfully for summary
judgment and subsequently loses in conventional trial on merits, denial of that motion
generally is not subject to review on appeal); Johns v. Ram-Forwarding, Inc., 29
S.W.3d 635, 638-39 (Tex. App.--Houston [1st Dist.] 2000, no pet.). Consequently,
the trial court's denial of S.E.A. Leasing's motion for summary judgment is not
reviewable on appeal and does not preserve its statute-of-limitations challenge. 

C. Motion for New Trial

 Next, we address S.E.A. Leasing's motion for new trial that it contends
preserved its statute-of-limitations challenge for appellate review. S.E.A. Leasing
argues that the statute of limitations was not tolled because the Steeles put on "no
evidence" to support avoidance of limitations under the discovery rule, fraudulent
concealment, misidentification, or S.E.A. Leasing's absence from the State. We
construe S.E.A. Leasing's argument to be a legal-sufficiency challenge to the
evidence on one of these legal theories in avoidance of limitations. 

 In order properly to preserve a complaint for appellate review, the record must
show that (1) the complaint was made to the trial court by a timely request, objection,
or motion and (2) the trial court ruled on or refused to rule on the request, objection,
or motion. Tex. R. App. P. 33.1(a). Generally, to preserve this type of legal-sufficiency complaint, S.E.A. Leasing had to raise it in (1) a motion for directed
verdict; (2) an objection to the submission of a jury question; (3) a motion for
judgment notwithstanding the verdict; (4) a motion to disregard the jury's answer to
a vital fact issue; or (5) a motion for new trial. See Cecil v. Smith, 804 S.W.2d 509,
510-11 (Tex. 1991); Aero Energy, Inc. v. Circle C Drilling Co., 699 S.W.2d 821, 822
(Tex. 1985); UPS, Inc. v. Tasdemiroglu, 25 S.W.3d 914, 916 (Tex. App.--Houston
[14th Dist.] 2000, pet. denied). 

 On appeal, S.E.A. Leasing contends that it preserved its legal-sufficiency
challenge for review in its motion for new trial. Although its complaints regarding
the discovery rule and fraudulent concealment were raised in its motion for new trial,
the record reflects that S.E.A. Leasing did not pay the statutorily required fee for
filing a motion for new trial before the trial court lost its plenary power. (3) The trial
court should not consider a motion for new trial until the filing fee is paid, absent
emergency or other rare circumstances. Garza v. Garcia, 137 S.W.3d 36, 38 (Tex.
2004) (quoting Jamar v. Patterson, 868 S.W.2d 318, 319 n.3 (Tex. 1993)). 
Accordingly, an appellant's failure timely to pay the filing fee before the trial court
loses its plenary power does not preserve the appellant's complaint for review on
appeal. Id. (explaining, "[Appellant's] factual sufficiency complaint had to be raised
in a motion for new trial, but because she never paid the $15 fee, the trial court was
not required to review it. As her complaint was never properly made to the trial court,
it preserved nothing for review . . . ."). Therefore, S.E.A. Leasing has not preserved
these legal-sufficiency challenges. See Garza, 137 S.W.3d at 38; Jamar, 868 S.W.2d
at 319. Further, in its motion for new trial, S.E.A. Leasing did not complain that there
was no basis to avoid limitations under misidentification or S.E.A. Leasing's absence
from the State. Thus, these particular statute-of-limitations arguments of S.E.A.
Leasing would not have been preserved in any event. See Tex. R. App. P. 33.1(a). 

 We overrule S.E.A. Leasing's issues one and two.

Expert-Testimony Challenge


 In issue three, S.E.A. Leasing argues that the trial court erred by admitting the
expert-witness testimony of Shebelbon over its objection because "[the Steeles] failed
to put forth any evidence to meet their burden of showing that Shebelbon's opinion
was based on sufficiently objective foundation or reliable methodology to constitute
legal evidence." We construe S.E.A's issue three to be a challenge to the expert's
qualifications and the reliability of his testimony. (4)
 

 An objection to testimony, including the qualifications of experts and the
reliability of their theories and methodology, must be raised at the trial-court level, and
failure to do so waives any error on these grounds. See Tex. R. App. P. 33.1(a); Tex.
R. Evid. 103; Guadalupe-Blanco River Auth. v. Kraft, 77 S.W.3d 805, 807 (Tex.
2002); see also Coastal Transp. Co. v. Crown Cent. Petroleum Corp., 136 S.W.3d
227, 233 (Tex. 2004). A complaint on appeal must be the same as that presented in
the trial court. See Banda v. Garcia, 955 S.W.2d 270, 272 (Tex. 1997). An appellate
court cannot reverse a judgment based on a complaint not raised in the trial court. Pat
Baker Co. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998); Banda, 955 S.W.2d at 272. 

 To preserve a complaint for appellate review, a party must have presented to the
trial court a timely request, objection, or motion that states the specific grounds for the
desired ruling, if they are not apparent from the context of the request, objection, or
motion. Tex. R. App. P. 33.1(a); see also Tex. R. Evid. 103(a)(1). A ruling from the
trial court on the request, objection, or motion must be obtained. Id.; see Tex. R. App.
P. 33.1. If a party fails to do this, error is not preserved, and the complaint is waived. 
Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). 

 A review of the record shows that S.E.A. Leasing made two objections to
Shebelbon's testimony. The first objection was made after Shebelbon had testified to
his background and experience:

 [S.E.A. Leasing's Counsel]: Objection. Before he goes any
further, are we qualifying Mr. Shebelbon now? Are we
qualifying him as an expert?


 THE COURT: Well, that practice isn't followed under the
Rules anymore, so I will take questions one at a time
and--so--


 [S.E.A. Leasing's Counsel]: May I take him on voir dire?

 

 THE COURT: You may.


Following S.E.A. Leasing's voir dire examination, S.E.A. Leasing stated to the trial
court only that it had no further questions, and the trial court ordered direct
examination to resume. Simply stating "objection" is too general to preserve error. 
See In re D.O., No. 01-05-00989-CV, 2006 WL 3230306, at *3 (Tex. App.--Houston
[1st Dist.] Nov. 9, 2006) (orig. proceeding). Further, the trial court did not rule on
S.E.A. Leasing's first objection. S.E.A. Leasing made a second objection after the
Steeles had asked Shebelbon what could have been done to make the turn area safer
and after his explanation in which he stated that the track was being run backwards:

 [S.E.A. Leasing's Counsel]: Objection. Unless you can
substantiate grounds on how he knows this, in which
direction the track's going, have to place him on the scene
or something to determine how all of a sudden you are
going in the wrong direction. Have not heard anything--


 THE COURT: Well, that objection is overruled. The
question is--and the question is what could be done to
make that turn safer in the turn area. I will let him testify
from his experience about that. That's all--that's all you
need to answer.


S.E.A. Leasing's objection was not related to Shebelbon's expert qualifications or the
reliability of his testimony, but, rather, his personal knowledge and speculation about
which direction the track was being run on the day that Jeff was injured. The record
does not reveal that S.E.A. Leasing ever specifically brought Shebelbon's expert
qualifications or the reliability of his testimony to the trial court's attention and
obtained a ruling from the court. Consequently, S.E.A. Leasing failed to preserve for
appellate review any challenge relating to Shebelbon's expert qualifications or the
reliability of his testimony. See Tex. R. App. P. 33.1(a); Coastal Transp. Co., 136
S.W.3d at 233.

 We overrule S.E.A. Leasing's issue three.Legal-Sufficiency Challenge 

 In issue four, S.E.A. Leasing argues, "In the case at bar, the record contains no
evidence of any unreasonably dangerous condition other than by the expert's
improperly admitted opinion." We construe S.E.A. Leasing's argument to be that the
trial court erred because the evidence was legally insufficient to support the jury's
finding that a dangerous condition existed on the track because Shelbebon's expert
testimony was non-probative and constituted no evidence of an unreasonably
dangerous condition. (5)

 We recognize that although an objection must be made to challenge the
reliability of an expert's testimony, no trial objection is required "[w]hen the testimony
is challenged as conclusory or speculative and therefore non-probative on its face."
Coastal Transp. Co., 136 S.W.3d at 233. Expert testimony is considered "conclusory
or speculative" when it has no factual substantiation in the record. See United Servs.
Auto. Ass'n v. Croft, 175 S.W.3d 457, 463-64 (Tex. App.--Dallas 2005, no pet.);
Gabriel v. Lovewell, 164 S.W.3d 835, 846 (Tex. App.--Texarkana 2005, no pet.). 
However, an attack on the sufficiency of the evidence in a jury trial must be preserved
in the trial court. Aero Energy, Inc., 699 S.W.2d at 822; Tex. R. App. P. 33.1(a).
Generally, there are five recognized methods of preserving a legal-sufficiency
complaint in a jury trial: (1) a motion for directed verdict; (2) an objection to the
submission of a jury question; (3) a motion for judgment notwithstanding the verdict;
(4) a motion to disregard the jury's answer to a vital fact issue; or (5) a motion for new
trial. See id.; see also Cecil, 804 S.W.2d at 510-11; DeLanney, 809 S.W.2d at
494-95.

 S.E.A. Leasing argues that it preserved this challenge in its motion for new trial. 
However, as discussed above, S.E.A. Leasing's motion for new trial did not preserve
any complaint on appeal because of S.E.A. Leasing's failure timely to pay the filing
fee before the trial court lost its plenary power. See Garza, 137 S.W.3d at 38; Jamar,
868 S.W.2d at 319. Thus, S.E.A. Leasing's challenge that the evidence was legally
insufficient to support the jury's finding that a dangerous condition existed on the
track is waived. See Tex. R. App. P. 33.1(a).

We overrule S.E.A. Leasing's issue four.Conclusion

 We affirm the judgment of the trial court. 


 

 Tim Taft

 Justice


Panel consists of Justices Taft, Alcala, and Hanks. 
1. In March 1997, Lynn filed a warranty deed transferring title of the track to
S.E.A. Leasing, a Delaware corporation owned by her son, Scott Amaral. On
April 2, 1998, an S.E.A. Leasing representative and Lynn signed a warranty
deed "voiding out" the March 1997 warranty deed and transferring title of the
track back to her. 
2. "Flat turn" is a reference to the turn's geometry.
3. Rule 329b generally provides that a trial court retains jurisdiction over a case
for a minimum of 30 days, during which time the trial court has plenary power
to change its judgment. See Lane Bank Equip. Co. v. Smith S. Equip., Inc., 10
S.W.3d 308, 310 (Tex. 2000). Certain post-judgment motions, if filed within
this initial 30-day period, extend the trial court's plenary jurisdiction over its
judgment for up to an additional 75 days. See id.; see also Tex. R. Civ. P.
329b©, (e), & (g). After the time set forth in the rules, however, a court's
plenary power expires, and the actions that it may take with respect to its
judgment generally are limited to correcting clerical mistakes in the judgment. 
See Tex. R. Civ. P. 329b(f). Here, because S.E.A. Leasing filed a motion for
new trial, the trial court's plenary power expired March 15, 2005--105 days
after the judgment was signed. The clerk's record includes a certified "Bill of
all Costs incurred," dated March 22, 2005, which shows that S.E.A. Leasing
had not paid the filing fee for its motion for new trial within that 105-day
period.

 
4. S.E.A. Leasing does not contend in issue three that the expert's testimony is
conclusory or speculative, but, rather, raises that complaint in issue four, which
we address separately below. Cf. Coastal Transp. Co. v. Crown Cent.
Petroleum Corp., 136 S.W.3d 227, 233 (Tex. 2004) (holding that when party
challenges reliability of expert testimony, timely objection is required to
preserve no-evidence challenge to any finding on which it is based; no
objection is required, however, to preserve no-evidence challenge to
conclusory expert testimony).

5. Jury charge question two asked, "Did the negligence, if any, of those named
below proximately cause the injury in question? With respect to the condition
of the premises, S.E.A. Leasing Inc. was negligent if-- (a.) the condition posed
an unreasonable risk of harm, and (b.) S.E.A. Leasing, Inc. knew or reasonably
should have known of the danger, and (c.) S.E.A. Leasing, Inc. failed to
exercise ordinary care to protect Jeff Steele from the danger, by both failing to
adequately warn Jeff Steele of the condition and failing to make that condition
reasonably safe." The jury answered "yes" to S.E.A. Leasing's negligence as
a cause of the injury and "no" to Jeff Steele's own negligence as a cause of the
injury.