

NUMBER 13-11-00546-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

COMMISSION FOR LAWYER DISCIPLINE,                                Appellant,

v.

STEPHEN T. LEAS,                                                Appellee.

### On appeal from the 398th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Vela

This is an appeal from a judgment notwithstanding the verdict granted in favor of appellee, Stephen T. Leas. By two issues, appellant, the Commission for Lawyers Discipline ("Commission"), argues that the trial court erred in granting the judgment notwithstanding the verdict because the jury's findings were supported by well more than

a scintilla of evidence, the jury's answers were not in conflict, and if they were in conflict, any error was unpreserved. We reverse and remand.

## I. PROCEDURAL BACKGROUND

Veronica Padilla hired attorney Leas to represent her in a child support matter in 2003. An agreed order was entered on May 23, 2007, requiring Padilla's ex-husband to pay Padilla $26,783.17 in past child support. Leas received a check for that amount, endorsed it, and deposited into his account on May 23, 2007. Padilla did not receive any of those funds until August 2009, for reasons that are hotly disputed. Because she had not received the funds, Padilla filed a grievance with the State Bar of Texas in 2009. She also hired counsel to assist her.

On May 25, 2010, the Commission filed a disciplinary action against Leas in district court, alleging that Leas violated the Disciplinary Rules of Professional Conduct by promptly failing to notify his client that he had received funds in which she had an interest, failing to promptly deliver funds to Padilla, and engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

The jury returned a verdict that Leas failed to promptly notify and deliver funds to Padilla. The jury did not find that Leas engaged in conduct involving dishonesty, fraud, deceit or misrepresentation. Thereafter, Leas filed a motion for judgment notwithstanding the verdict, arguing that the Commission's evidence of misconduct was refuted by his evidence and two of the jury's findings conflicted. The trial court granted the motion and entered findings of fact and conclusions of law.

## II. STANDARD OF REVIEW

A trial court may disregard a jury's findings and render judgment notwithstanding

the verdict if no evidence supports the jury's findings or if a directed verdict would have been proper. *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003) (per curiam); *Drennen v. Exxon Mobil Corp.*, 367 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2012, pet. filed). To determine whether a movant is entitled to judgment notwithstanding the verdict, we apply the same standard that governs legal-sufficiency review. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). A legal-sufficiency point must be sustained when: (1) there is a complete absence of evidence of a vital fact; (2) rules of law or evidence preclude the factfinder from giving any weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *Id.* at 810. A judgment against the jury's verdict is proper if "the law does not allow reasonable jurors to decide otherwise." *Id.* at 823. A trial court should grant a motion for judgment notwithstanding the verdict if a legal principle prevents a party from prevailing on its claim. *United Parcel Serv., Inc. v. Tasdemiroglu*, 25 S.W.3d 914, 916 n.4 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). When the trial court's ruling is based on a question of law, we review that aspect of the ruling de novo. *See In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994) (stating that questions of law are always subject to de novo review); *see also Hicks v. Hicks*, 348 S.W.3d 281, 284 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (same).

### III. ANALYSIS

By its first issue, the Commission argues that the jury's finding that Leas failed to promptly notify his client of receipt of funds in which she had an interest. Rule 1.14(b) of the Texas Disciplinary Rules of Professional Conduct provides that:

3

> Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.14(b).

It is undisputed that Leas received and deposited Padilla's ex-husband's check on May 23, 2007. Padilla's testimony seriously conflicted with that of Leas. Padilla said that in May 2007, a member of Leas' staff told her she would be paid "any day." She said that she called Leas' office in May 2007, June 2007, July 2007, and August 2007. Padilla said that she did not receive any letters from Leas' office during that time period. She testified that she became aware that the check had been paid when she received a call from the attorney general's office. She got a copy of the check from that office and testified that she immediately went to Leas' office. She spoke with Leas in September 2007, and he told her he did not know anything about it, but he would find out. She then went to the McAllen Police Department to file a complaint against Leas.

Padilla contacted attorney Maria Antonia Ramirez in August 2009 to help her with recovering her money. Ramirez testified that Leas told her that he had not paid Padilla because the bank placed a hold on the money. According to Ramirez, Leas did not produce any bank documents to her to support this allegation.

On the other hand, Leas testified that on June 12, 2007, funds were available for disbursement from his account. Leas said that he was notified on June 26, 2007, that IBC Bank filed a notice of forgery on the cashier's check. According to Leas, Lone Star Bank ("Lone Star"): "accommodated that and they essentially froze the funds until an

4

investigation was completed." He testified that attorney Ramirez never asked him for any documentation that the account had actually been frozen. Leas said he received a notice dated August 23, 2007, from IBC, stating that the amount of the check was being withheld pending investigation. He said that in 2007, he wrote several threatening letters to Lone Star inquiring about the status of the investigation. He wrote no letters to the bank in 2008. Leas also testified with respect to letters he wrote to Padilla on June 7, 2007 and July 23, 2007. The July letter discusses the forgery claim allegedly made by Padilla. Leas also identified additional letters that he wrote to Lone Star and IBC in August and October 2007. He further testified that in July 2009, he wrote to Lone Star and IBC threatening to sue them if the money was not returned to his account. On cross-examination, he stated that he did not have fax confirmation that either of the banks had received these letters.

The jury chose to resolve the conflicts in the testimony in favor of Padilla's rendition of the facts. The jury was entitled to weigh the credibility of the witnesses and make its determination with respect to which version of the facts to accept. Because there was more than a scintilla of evidence supporting the jury's finding, the trial court erred in granting the judgment notwithstanding the verdict, and we sustain issue one. *See City of Keller*, 168 S.W.3d at 819–20.

By its second issue, the Commission argues that the jury's answers are not in conflict and Leas waived any perceived conflict by failing to object prior to the jury's discharge. In his motion for judgment notwithstanding the verdict, Leas complained that the jury's answers were in conflict. The jury found in its answer to question one that Leas failed to promptly deliver funds to Padilla that she was entitled to receive. The jury found,

5

in its answer to issue two that Leas failed to promptly notify Padilla of his receipt of funds in which Padilla had an interest. The jury failed to find, in answer to issue three, that Leas engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation.

The jury found, in answers to question one and two, that Leas violated rule 1.14(b) of the Texas Disciplinary Rules of Professional Conduct. *See* TEX. DISCIPLINARY R. PROF'L COND. 1.14(b). The jury rejected the Commission's allegation that Leas violated rule 8.04(a)(3) of the Texas disciplinary rules, which provides: "A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." TEX. DISCIPLINARY R. PROF'L CONDUCT 8.04(a)(3). Rule 1.14(b) imposes a duty upon an attorney to notify a client when he or she receives money on the client's behalf and promptly deliver the money to the client. This is separate from rule 8.04(a)(3), which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Thus, the jury's findings are not in conflict. We sustain issue two.

## IV. CONCLUSION

The judgment of the trial court is reversed and the case is remanded to the trial court for proceedings consistent with this opinion.

ROSE VELA
Justice

Delivered and filed the 28th
day of December, 2012.

6