**Affirmed and Memorandum Opinion filed August 9, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00614-CV

### MAXIM CRANE WORKS, L.P., Appellant

### V.

### BERKEL & COMPANY CONTRACTORS, INC., Appellee

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 75576-CV**

## M E M O R A N D U M   O P I N I O N

In this personal injury lawsuit, appellant Maxim Crane Works, L.P. challenges in four issues the trial court's judgment in favor of appellee Berkel & Company Contractors, Inc. on Maxim's claim for breach of an indemnification clause in a rental agreement. Maxim contends that its indemnification claim is viable under the Texas Insurance Code and that the trial court abused its discretion in refusing to submit a breach of contract question to the jury. Because Maxim

failed to provide a complete reporter's record, we cannot determine whether Maxim preserved error on three of its issues or assess whether the trial court's refusal to submit a jury question, if erroneous, was harmful. We accordingly affirm.

## *Background*

Berkel rented a crane from Maxim to be used at a construction site. Berkel was operating the crane when the boom collapsed. Tyler Lee, an employee of the project manager, was injured and subsequently brought suit against Berkel, Maxim, and others.[1] Maxim filed a cross-claim against Berkel for breach of contract, alleging that Berkel was required to indemnify Maxim. Under the crane rental agreement, Berkel must indemnify Maxim in connection with personal injury claims caused by Berkel's negligence or intentional tort unless the claim is brought by an employee of Berkel, in which case Berkel is required to indemnify Maxim "from any and all" claims.

Maxim requested a jury question on its breach of contract claim. The trial court denied the request.[2] The jury found that Lee's injuries were proximately caused by Berkel and Maxim and allocated responsibility 90% to Berkel and 10% to Maxim.

## *Discussion*

In four issues, Maxim argues that its indemnification claim is viable under the Texas Insurance Code and complains of the trial court's refusal to submit its breach of contract question to the jury. As an initial matter, we note that it was

---

[1] Lee and his employer are not parties to this appeal.

[2] Maxim asserts that the trial court concluded "Maxim's demand for reimbursement of its defense costs was a question of law to be decided by the trial court." That information is not part of the appellate record.

Maxim's burden to furnish this court with a record that supports its allegations. *See Appleton v. Appleton*, 76 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2002, no pet.). For this appeal, Maxim has provided a partial appellate record.[3]

Generally, in an appeal with only a partial reporter's record, the court of appeals must presume that the omitted portions of the record are relevant and support the trial court's judgment. *Mason v. Our Lady Star of Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex. App.—Houston [14th Dist.] 2005, no pet.). An exception applies when an appellant includes in its request for the reporter's record a statement of the issues to be presented on appeal. *Id.* (citing Tex. R. App. P. 34.6(c)(1)). This statement limits the issues to be presented on appeal and puts the other parties on notice that the appellate court will presume the designated portions of the record constitute the entire record for reviewing the stated issues. *Id.* This allows the other parties an opportunity to request any additional portions of the record they believe are relevant to the issues presented.[4] *Id.*

The appellate record provided by Maxim does not include a statement of the issues to be presented on appeal. Accordingly, in analyzing this case, we must presume that that the omitted portions of the record are relevant and support the trial court's judgment. *See id.* at 819-20. Keeping these principles in mind, we first address Maxim's issues relating to the Texas Insurance Code.[5]

---

[3] The clerk's record is incomplete. Likewise, the reporter's record consists only of the subject rental agreement that was admitted at trial and the portion of the trial in which the trial court read the jury charge.

[4] The statement of the issues on appeal need not be included in the request for the reporter's record as long as the statement is filed in time for the other parties to designate any additional, relevant portions of the record and to prepare their appellate briefs. *Mason*, 154 S.W.3d at 819 (citing *Bennett v. Cochran*, 96 S.W.3d 227, 228–30 (Tex. 2002) (per curiam)).

[5] We discuss the issues out of order for organizational purposes.

## I. Record Not Adequate to Show Preservation of Error

Texas Insurance Code Chapter 151 limits the scope of enforceable indemnification clauses in construction contracts. *See* Tex. Ins. Code § 151.102.[6] In its second through fourth issues, Maxim contends that (1) the indemnification clause in the rental agreement is not void under Chapter 151; (2) Maxim is entitled to indemnification from Berkel under Chapter 151 to the extent of Berkel's negligence; and (3) if Berkel is immune from liability under the Worker's Compensation Act, Maxim is still entitled to indemnification under Chapter 151.[7] Maxim avers the trial court concluded that "Maxim's demand for reimbursement of its defense costs should not be couched in terms of breach of contract, but instead was a question of law to be decided by the court pursuant to Chapter 151."[8]

To preserve error on a question of law, the appellant must raise the issue through (1) a motion for directed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial. *United Parcel Serv., Inc. v. Tasdemiroglu*, 25 S.W.3d 914, 916 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *see also Sempra Energy Trading, LLC v. Holmes*, No. 14-13-00206-CV, 2014 WL 3698433, at *8 (Tex.

---

[6] Under section 151.102, as a general rule:

> [A] provision in a construction contract . . . is void and unenforceable as against public policy to the extent that it requires an indemnitor to indemnify, hold harmless, or defend a party . . . against a claim caused by the negligence or fault, the breach or violation of a statute, ordinance, governmental regulation, standard, or rule, or the breach of contract of the indemnitee . . . .

Tex. Ins. Code § 151.102.

[7] Berkel contends that because it maintained worker's compensation insurance, it is immune from liability from Lee's claims, even though Lee was not Berkel's employee. We do not address the merits of this claim, which is not relevant to the disposition of this appeal.

[8] As discussed, this information is not in the appellate record.

App.—Houston [14th Dist.] July 24, 2014, no pet.) (mem. op.) (holding appellant failed to preserve error when it did not raise complaints in one of the ways listed above or during the charge conference).[9] Maxim has not demonstrated that it raised its complaints below in one of the prescribed ways to preserve error. Based on the limited appellate record provided by Maxim, we presume that Maxim did not preserve error as to its issues regarding the applicability of Chapter 151.[10] *See Mason*, 154 S.W.3d at 819-20. We overrule Maxim's issues two through four.

## II.    Record Not Adequate to Assess Harm

Maxim complains in his first issue of the trial court's refusal to submit Maxim's proposed breach of contract question to the jury. Texas Rule of Civil Procedure 278 requires a trial court to submit questions, instructions and definitions raised by the written pleadings and the evidence. Tex. R. Civ. P. 278; *4901 Main, Inc. v. TAS Auto., Inc.*, 187 S.W.3d 627, 630 (Tex. App.—Houston [14th Dist.] 2006, no pet.). We review a trial court's decision to submit or refuse a particular instruction under an abuse of discretion standard of review. *TAS Auto., Inc.*, 187 S.W.3d at 630. Even if a trial court abuses its discretion when it refuses to submit an instruction to the jury, we do not reverse in the absence of harm. *Id*. To determine harm, we must consider the *entire* record, including the parties' pleadings, the evidence, and the charge. *TAS Auto., Inc.*, 187 S.W.3d at 631; *Mason*, 154 S.W.3d at 820.

Maxim argues, without record support, that "evidence of Berkel's breach of [contract] was submitted by all parties during the trial of the case via documentary

---

[9] Maxim did not provide a record of the charge conference as part of this appeal.

[10] Maxim argues in its reply brief that the trial court implicitly determined that Maxim was not entitled to be indemnified under Chapter 151 as a matter of law. But Maxim has not provided a sufficient record to establish that this issue was presented to the trial court through any of the required methods to preserve error.

evidence, live testimony, and deposition testimony, and the [rental agreement] itself was entered into evidence."[11] However, to evaluate Maxim's claim, we are required to review the entire record. *See Mason*, 154 S.W.3d at 821. Because Maxim failed to provide a complete record of the evidence presented to the jury, we are unable to address Maxim's claim that it likely would have prevailed but for the harm caused by the trial court's failure to submit a breach of contract question. *See id*. Moreover, as discussed, we must presume the omitted portions of the record are relevant and support the trial court's judgment. *See id*. We overrule Maxim's first issue.

We affirm the trial court's judgment.


/s/    Martha Hill Jamison
            Justice


Panel consists of Justices Boyce, Christopher, and Jamison.

---

[11] The existence of the rental agreement, standing alone, is not evidence of breach. *See Warren v. BP Prods. N. Am. Inc.*, No. 14-13-00564-CV, 2014 WL 4262176, at *5 (Tex. App.—Houston [14th Dist.] Aug. 28, 2014, no pet.) (mem. op.) ("Even if we assume the Rule 11 letter agreement was sufficient to support the existence of an agreement, BP points to no evidence of breach."). In its reply brief, Maxim argues that the trial court did not refuse to submit the requested jury question based on lack of evidence of breach. Instead, according to Maxim, the trial court concluded that whether Maxim was entitled to indemnification was a question of law. We have no way to evaluate this contention without a record of what transpired during the charge conference. Moreover, even presuming error, we are still required to review the record for evidence of breach of contract to evaluate harm. *See Mason*, 154 S.W.3d at 821 ("We also refuse to abandon our responsibility to look to the record for error so that we can independently and objectively assess both the error and its harm."). Presuming that Berkel was required to indemnify Maxim under the rental agreement—a question of law—Maxim nonetheless was required to present evidence that Berkel had refused to indemnify Maxim. We cannot determine whether the jury heard such evidence without a complete record of the trial.